**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1406-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RANDY K. WASHINGTON,
a/k/a BILLY JONES,

    Defendant-Appellant.

_____

Submitted September 25, 2019 – Remanded October 22, 2019
Resubmitted October 14, 2020 – Decided October 22, 2020

Before Judges Fuentes, Haas, and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 15-06-0714.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This case returns to us following our remand to permit the trial court to resentence defendant Randy K. Washington due to his refusal to physically appear at his initial sentencing. State v.Washington, No. A-1406-17 (App. Div. Oct. 22, 2019) (slip op. at 21-25) (Washington I). As we stated in Washington I, "[a]lthough [a] defendant can waive his constitutional right to appear at sentencing, he cannot force the court to sentence him in absentia." State v. Tedesco, 214 N.J. 177, 191 (2013). Having reviewed the record involving defendant's resentence and considered the stipulation of appellate counsel regarding their reliance on previously filed merits briefs to address the propriety of defendant's resentence, we affirm.

The essential background facts are set forth in our earlier opinion. Briefly, following a jury trial in July 2017, defendant was found guilty of first-degree murder, N.J.S.A. 2C:11-3(a), second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b), and third-degree resisting arrest, N.J.S.A. 2C:29-2(a), among other charges.

Defendant was ordered to submit to a presentence investigation and appear for sentencing on September 22, 2017. However, he refused to comply with either order. Moreover, defendant instructed his attorney not to say anything on his behalf or allow anyone to do so at his sentencing. Accordingly,

with the consent of defendant's attorney and the State, the trial judge sentenced defendant after hearing from three members of the victim's family. Following the appropriate mergers and dismissal of an outstanding fourth-degree criminal trespass charge, N.J.S.A. 2C:18-3(a), the judge imposed a seventy-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2 for defendant's murder conviction. Additionally, she sentenced defendant to a concurrent ten-year term with five years of parole ineligibility on the unlawful possession of a handgun charge, and a concurrent five-year term with no parole disqualifier for the charge of resisting arrest.

On direct appeal, defendant challenged his conviction and argued that his sentence was excessive. We affirmed his conviction but did not address defendant's sentencing argument, pending his resentence consistent with Tedesco. We retained jurisdiction under our remand order.

In October 2019, the same judge who initially sentenced defendant conducted a Tedesco hearing. Defendant appeared at that hearing by video and audio link and expressed conflicting positions about whether he wanted to be present at his resentencing. Following additional proceedings, defendant's resentence was scheduled for January 28, 2020.

A-1406-17T4

Although defendant was given notice of his resentencing date, he refused to be transported for this hearing, contrary to court order, and again instructed counsel not to say anything to the sentencing judge on his behalf. In response, the judge noted that the victim's family members knew defendant was due to be resentenced, opted not to appear for the proceeding, and had no objection to defendant being resentenced in absentia. Further, the judge confirmed that defendant's physical presence posed certain safety concerns due to his prior aggressive behavior, and that he had obstructed other proceedings. Therefore, with the consent of the State and defense counsel, the judge resentenced defendant without having him brought before the trial court.

During the resentence, the judge considered defendant's criminal history, as well as prior comments from the State and the victim's family. Additionally, the judge found that aggravating factors three, six and nine of N.J.S.A. 2C:44-1(a) applied and that no mitigating factors applied. Based on her findings, she imposed the same sentence she meted out to defendant in 2017.

Although defendant argues his resentence is excessive, we disagree. Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any

relevant aggravating and mitigating factors" that "are called to the court's attention" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

Guided by these principles, we are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were supported by competent and reasonably credible evidence in the record, that she applied the correct sentencing guidelines enunciated in the Code, and sentenced defendant consistent with our remand order. Accordingly, we discern no basis to second-guess defendant's resentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1406-17T4